LUISA ESPÓSITO AVILÉS ET AL., Petitioners, *v.* DISTRICT COURT OF AGUADILLA ET AL., Respondents.

No. 823. Argued May 12, 1932.—Decided June 7, 1932.

*Juan B. García Méndez* and *Pablo Andino* for petitioners. *Arturo Reichard* for respondent María Guzmán Acosta.

MR. JUSTICE WOLF delivered the opinion of the Court.

Luis Espósito Avilés died intestate. With the consent of all the parties a judicial administrator was appointed. Upon the petition of said administrator the District Court of Aguadilla ordered that the proceeds of a life insurance policy ought to be turned over to the judicial administrator, and this was done. The rules of the "Ancora" insurance society made the proceeds of the policy payable to the heirs of the subscriber or to the person designated by him.

Luis Espósito Avilés left no ascendants or descendants but did leave sisters, the petitioners in this case. The decedent also left a widow.

The question of the distribution of the proceeds of the policy came before Tomás Torres Pérez as substitute judge of the District Court of Aguadilla. He decided that the heirs were entitled to one-half of the proceeds of the policy and the widow to her usufruct out of the other half. When the proprietary judge, Enrique S. Mestre, returned to Aguadilla, the widow made application for a reconsideration of the order entered by Tomás Torres Pérez, substitute judge. The theory of the motion for reconsideration was that the policy was a matrimonial piece of property. Judge Mestre decided that one-half of the proceeds of the policy belonged to the widow as her share of the matrimonial property and that she was entitled to her usufruct out of the other half. The heirs of Luis Espósito Avilés presented this petition in certiorari to review the aforesaid order of Judge Mestre.

The respondent maintains that the order of the district court determining the disposition of the proceeds of the policy is final and hence appealable to this Court. The petitioners maintain the contrary. We hold that the order of the district court fixing such distribution definitely determined to whom the proceeds of the policy should go, decided finally an issue on the substantive rights of the parties, and hence was appealable. *Santiago* v. *Benvenutti*, decision of this Court of April 15, 1932, *ante,* p. 343.

The question then presents itself to us, as maintained by the petitioners, that the remedy in this case by appeal is not adequate. The petitioners, however, have presented no reason except that there will be considerable delay and not that the issue in this case is of greater importance than various of the other issues or cases that come before this Court. The decision will necessarily be delayed, but this is true of innumerable other cases which are pending or will

be appealed. The question is an interesting one, but we find no reason for giving the issue a preference.

The writ will be annulled.